**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JIMMY RAY RICHEY,**

      **Plaintiff,**

**vs.**                                     **CASE NO. 5:08CV181-RS/AK**

**ALLEN REGISTER,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that Defendant, a Circuit Court Judge, was apprised of his spinal cord injury and deteriorating mental condition, but he denied him conditional release. (Doc. 10).

**I.     Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been

alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated

General Contractors of California, Inc. v. California State Council of Carpenters,

459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though

the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and

conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Additionally, the court's duty to construe a plaintiff's complaint liberally is not the

equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904,

912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be

frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint

and have benefit of the defendant's response before making such a determination, but

there are compelling reasons for immediately dismissing frivolous suits by prisoners

since they unduly burden the courts, obscure meritorious claims, and require innocent

parties to expend significant resources in their defense. Williams v. Secretary for the

Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to

service is also appropriate when the Court determines from the face of the complaint

that the factual allegations are clearly baseless or that the legal theories are

indisputably meritless.  Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.

1993).

Plaintiff's claims are clearly without merit.

The absolute immunity of a defendant is one of a number of grounds which

justifies dismissal.  Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n. 2

(11th Cir. 1990) and cases cited.  If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).

Plaintiff does not allege that Defendant Register was acting outside his judicial capacity.  In later papers filed by the Plaintiff, it is clear that he is challenging his conviction, which is more properly a habeas issue.  See Doc. 13 entitled Motion to Supplement Petition for Writ of Habeas Corpus and Doc. 16 entitled Motion to Dismiss All Charges.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this   ___*24*___   day of September, 2008.

*s/ A. KORNBLUM*                              
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:08cv181-RS/AK**